IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

vs.  Case Nos.:  1:12cr33/MW/GRJ
 1:15cv183/MW/GRJ

ROGER EDWARD GILES

## REPORT AND RECOMMENDATION

This matter is before the court upon Defendant's "Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241." Doc. 122. Defendant did not use the required court-approved form for use in section 2255 cases. However, Rule 4(b) of the Rules Governing Section 2255 Proceedings provides in part that "[i]f it plainly appears from the face of the motion and any attached exhibits and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of Defendant's submission and the record, the Court concludes that the motion is due to be denied. And because the motion should be summarily dismissed there is no reason to grant Defendant leave to amend because amendment would be futile.

## BACKGROUND AND ANALYSIS

On March 21, 2013, Defendant pleaded guilty to bank robbery with a firearm in violation of 18 U.S.C. §§ 2113(a) and (d) and use of a firearm in commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(ii). (Doc. 83). On June 24, 2013, the court sentenced Defendant to a term of 24 months imprisonment on the bank robbery charge and the statutory mandatory minimum sentence of 84 months pursuant

to 18 U.S.C. § 924(c)(1)(A)(ii).  (Doc. 118).   Defendant did not appeal, and nothing further was filed until Defendant filed the motion now before the court.

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. The one-year period of time generally runs from the latest of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the petitioner was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.   If a defendant does not file an appeal, his conviction becomes final when the time period for filing an appeal expires.  See Fed.R.App.P. 4(b)(1)(A)(i); Fed. R. App. P. 26(a); *Mederos v. United States*, 218 F.3d 1252, 1253 (11th Cir. 2000).  In this case, Defendant's conviction became final on July 8, 2013, and a timely-filed § 2255 motion generally would need to have been filed within one year from that date. Defendant contends in the instant motion that he is entitled to relief pursuant to the

Supreme Court's recent decision in *Johnson v. United States,* 135 S.Ct. 2551 (2015) because he is serving an unconstitutional sentence.[1]

Title 18 U.S.C. § 924(e), the Armed Career Criminal Act ("ACCA"), provides that a person who has three previous convictions for a violent felony, a serious drug offense, or both is subject to a mandatory minimum fifteen year sentence.  18 U.S.C. § 924(e)(1).  The statutory definition of a violent felony under ACCA is an offense that either "(i) has as en element the use, attempted use, or threatened use of physical force against the person of another or (ii) is burglary, arson, or extortion, involves the use of explosives *or otherwise involves conduct that presents a serious potential risk of physical injury to another*."  18 U.S.C. § 924(2)(B)(i) and (ii).  The Supreme Court ruled in *Johnson* that the italicized language, known as the "residual clause," violates the Constitution's guarantee of Due Process due to vagueness.  *Johnson* , 135 S.Ct. 2551, 2563.

The fundamental problem with Defendant's petition is that he was not charged with a violation of 18 U.S.C. § 922(g) and therefore ACCA has no applicability to this case. Consequently, because Defendant was not sentenced under ACCA, (*See* Doc. 112, Defendant's Final Presentence Investigation Report), *Johnson* has nothing whatsoever to do with this case.

Even if *Johnson* were applicable (which it is not) the Supreme Court has not declared its decision in *Johnson* to be retroactively applicable on collateral review, nor

---

[1] The court finds implicit in Defendant's motion an argument that the motion is timely filed because it was filed within one year of the Court's *Johnson* decision.

Case Nos.: 1:12cr33/MW/GRJ; 1:15cv183/MW/GRJ

has any court within this circuit. See In re Rivero, Case No. 15-13089-C, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (denying application for leave to file a second or successive § 2255 motion based on Johnson); Haugabook v. United States, Case Nos. 8:15-cv-1756-T-24TBM, 8:08-cr-254-T-24TBM (M.D. Fla. Jul. 30, 2015) (denying § 2255 motion based on Johnson as successive, untimely and without merit); but see Price v. United States, Case No. 15-2427, 2015 WL 4621024 (7th Cir. 2015) (authorizing district court to entertain a second or successive § 2255 motion based on Johnson). Therefore, even if Johnson applied, Johnson does not enable Defendant to circumvent the one year statute of limitations through the application of 2255(f)(3), and his motion is untimely.

Accordingly, because the Supreme Court decision in Johnson offers Defendant no relief, whether he seeks to proceed under § 2255 or § 2241, the instant motion should be summarily dismissed.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), § 2255 Rules.

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000)

(explaining how to satisfy this showing) (citation omitted).  Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of  Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly it is respectfully **RECOMMENDED**:

1. The Motion Under 28 U.S.C. § 2255 or Alternatively Under 28 U.S.C. § 2241 (Doc. 122) should be summarily **DENIED and DISMISSED**.

2. A certificate of appealability should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 31st day of August 2015.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case Nos.: 1:12cr33/MW/GRJ; 1:15cv183/MW/GRJ